UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ELLA MARIE BROWN,<br><br>         Plaintiff,<br><br>v.<br><br>INTERNATIONAL ASSOCIATION OF MACHINISTS,<br><br>         Defendant. | Case No.: 18cv2705-CAB-JLB<br><br>**ORDER GRANTING MOTION TO DISMISS [Doc. No. 2]** |

  On October 26, 2018, Plaintiff Ella Marie Brown ("Plaintiff") filed a First Amended Claim ("FAC") in the San Diego Small Claims Court, Case No. 37-2018-00009759-SC-SC-CTL. [Doc. No. 1-1.][1] On November 30, 2018, Defendant International Association of Machinists ("Defendant") removed the FAC to this court on the grounds that it is preempted by the Railway Labor Act ("RLA"), 45 U.S.C. §151. [Doc. No. 1 at 2.] On December 6, 2018, Defendant filed a motion to dismiss. [Doc. No. 2.] On December 28, 2018, Plaintiff filed a response to the motion to dismiss. [Doc. No. 6.] On January 3, 2019, Defendant filed a reply. [Doc. No. 7.] For the reasons set forth below, the motion to dismiss is **GRANTED**.

---

[1] It appears this action was initially begun on February 27, 2018. [Doc. No. 6 at 43.]

1

ALLEGATIONS OF COMPLAINT

Plaintiff is employed by United Airlines and is a member of Defendant union. Plaintiff alleges that Defendant owes her money "[b]ecause I have paid union dues and not once have I ever received from the Union When My Job was in jeopardy of lost." [sic] [Doc. No. 1-1 at 2, ¶3(a).] Plaintiff seeks damages in the form of the union dues she has paid since June of 2005. [Doc. No. 1-1 at 2, ¶¶3(b), 3(c).]

DISCUSSION

A. Legal Standard.

Federal Rule of Civil Procedure 12(b)(6) permits a party to raise by motion the defense that the complaint "fail[s] to state a claim upon which relief can be granted"—generally referred to as a motion to dismiss. The Court evaluates whether a complaint states a cognizable legal theory and sufficient facts in light of Federal Rule of Civil Procedure 8(a)(2), which requires a "short and plain statement of the claim showing that the pleader is entitled to relief." Although Rule 8 "does not require 'detailed factual allegations,' . . . it [does] demand . . . more than an unadorned, the defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 570); *see also* Fed. R. Civ. P. 12(b)(6). A claim is facially plausible when the collective facts pled "allow . . . the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* There must be "more than a sheer possibility that a defendant has acted unlawfully." *Id.* Facts "'merely consistent with' a defendant's liability" fall short of a plausible entitlement to relief. *Id.* (quoting *Twombly*, 550 U.S. at 557). The Court need not accept as true "legal conclusions" contained in the complaint, *id.*, or other "allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences," *Daniels-Hall v. Nat'l Educ. Ass'n*, 629 F.3d 992, 998 (9th Cir. 2010).

B. Analysis.

Defendant moves to dismiss the FAC on the following grounds: (1) under the RLA, the claim is barred by the six-month statute of limitations; (2) Plaintiff fails to state a claim for breach of a collective bargaining agreement; (3) Plaintiff fails to allege a breach of the duty of fair representation; (4) Plaintiff has not alleged that she attempted to exhaust any grievance procedure; (5) the remedy Plaintiff seeks (reimbursement of union dues) is not a remedy which is authorized in duty of fair representation cases; and (6) Plaintiff fails to state a claim regarding the obligation to pay dues because the RLA specifically authorizes a union security arrangement which requires that employees pay dues.

In her opposition, Plaintiff first asks that the matter be remanded to Small Claims Court. [Doc. No. 6 at 1, 2.] However, this matter was properly removed to this Court because it alleges a breach of the duty of fair representation by the Defendant union, which is governed by the RLA. *See Smith v. United* Airlines, 773 Fed. Appx. 720 (9th Cir. 2016) (same employer and same union). *Pratt v. United Airlines*, 468 F.supp. 508 (N.D. Cal. 1978)(same employer and same union).

Second, Plaintiff submits documents regarding a settlement offer made by Plaintiff, as well as her attempts to find counsel. [Doc. No. 6 at 7 – 18.] Such documents are irrelevant to a motion to dismiss.

Plaintiff also submits documents showing that she seeks reimbursement of dues paid from 2005 to the present. [Doc. No. 6 at 26-27.] However, Plaintiff does not allege any specifics as to how Defendant breached the duty of fair representation or whether she exhausted administrative remedies. *Vaca v. Sipes*, 386 U.S. 171 (1967). Moreover, Plaintiff does not provide any authority for the proposition that she may seek reimbursement of dues as a remedy.

Next, Plaintiff submits documents regarding grievances filed in the last year. [Doc. No. 6 at 25-36.] However, this complaint was initially filed on February 27, 2018. [Doc. No. 6 at 43.] Therefore, any subsequent claims are not part of this complaint. In

addition, Plaintiff has submitted documents regarding a complaint she made to a United Airlines official. [Doc. No. 6 at 33.] This matter does not appear to be encompassed in the Small Claims complaint.

Finally, most of Plaintiff's discussions focus on a 2013 grievance. [Doc. No. 6 at 22-25.] However, any claims she may have regarding the handling of such grievance are long barred by the 6-month statute of limitations. *See Del Costello v. International Brothers of Teamsters*, 462 U.S. 151 (1983); *International Association of Machinists v. Aloha Airlines*, 781 F.2d 1400 (9th Cir. 1986).

## CONCLUSION

For the reasons set forth above, the motion to dismiss the complaint is **GRANTED WITH LEAVE TO AMEND**. Plaintiff may file a Second Amended Complaint ("SAC") which addresses the deficiencies noted in this order by **February 25, 2019**. If the SAC is not filed by February 25, 2019, the Clerk of the Court shall **CLOSE** the case without further court order.

**IT IS SO ORDERED**.

Dated: January 25, 2019

Hon. Cathy Ann Bencivengo
United States District Judge